# United States District Court
# District of Massachusetts

GREGORY SOFSKY,
    Plaintiff,

v.                                                       CIVIL ACTION NO. 08-40245-RBC

HARLEY G. LAPPIN,
    Director, Federal Bureau of Prisons,
        Defendant.

## *MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO DISMISS (#13)*

COLLINGS, U.S.M.J.

    At the time that the plaintiff, Gregory Sofsky, filed this prisoner civil rights action under 42 U.S.C. § 1983, he was an inmate at FMC Devens serving a ten-year sentence for receiving child pornography. *See United States v. Sofsky*, 287 F.3d 122, 125 (2nd Cir. 2002). Sofky was released from custody on December 15, 2009. In his complaint, he alleges that the Bureau of Prisons ("BOP") abridged his federal constitutional rights by denying him access to an electronic messaging system installed within the prison called "TRULINCS." Sofsky seeks

injunctive relief in the form of an order permitting him to use TRULINCS, and money damages.

The defendant has moved to dismiss the complaint on sundry grounds (#13) and has filed a memorandum in support (#14).  Sofsky did not file a response to the motion to dismiss, and the Court considers the motion to dismiss as unopposed.  (*See* Electronic Order dated 5/27/2010)  The Court need not tarry.  Sofsky's release from custody has mooted his claim for injunctive relief.  *See Purvis v. Ponte*, 929 F.2d 822, 825 (1st Cir. 1991); *Knight v. Mills*, 836 F.2d 659, 671 (1st Cir. 1987) (citing *Preiser v. Newkirk*, 422 U.S. 395, 403 (1975)).

As for the remaining claims for monetary relief, the Court concludes that Sofsky has failed to state a federal constitutional claim.  Because the Court concludes that Sofsky has not alleged facts sufficient to state a constitutional violation, the Court need not reach the qualified immunity defense raised by the defendant.

The BOP implemented TRULINCS with the objective, *inter alia*, of "provid[ing] inmates with an alternative means of written communication with

the public." (#14, Exh. B, Program Statement at 1)[1] The Program Statement describes the use of TRULINCS as "a privilege," and grants discretion to BOP authorities to "limit or deny the privilege of a particular inmate." (*Id.* at 2) The Program Statement specifically excludes "inmates with a personal history of, or prior offense conduct or conviction for, soliciting minors for sexual activity, or possession/distribution of child pornography through the Internet or other means . . . ." (*Id.* at 3) Sofsky was denied access because he was convicted of receiving child pornography. Sofsky claims that prison officials violated his due process and equal protection rights by denying his access to TRULINCS based on his criminal history. These claims are meritless.

In the prison context, liberty interests protected by the Due Process Clause "will be generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Connor*, 515 U.S. 472, 484 (1995). Denying Sofsky access to TRULINCS simply does not impose an "atypical and significant hardship" on Sofsky, especially where Sofsky has not alleged that he has been

---

[1] Because Sofsky's complaint expressly depends on the Program Statement, and quotes from it at length, the Court may consider the Program Statement itself in deciding the motion to dismiss. *See Trans-Spec Truck Service, Inc. v. Caterpillar Inc.*, 524 F.3d 315, 321 (1st Cir.), *cert. denied*, 129 S.Ct. 500 (2008).

denied other means of communicating with people outside of prison, such as through telephone use, mail and visitation. The government persuasively analogizes the circumstances here to prison restrictions placed on telephone use; although courts have recognized a "constitutional right . . . to communicate with people outside prison walls, . . . 'a telephone provides [simply] a means of exercising this right.'" *Almahdi v. Aschroft*, 310 Fed. App'x 519, 521-522 (3rd Cir. 2009) (quoting *Valdez v. Rosenbaum*, 302 F.3d 1039, 1048 (9th Cir. 2002), *cert. denied*, 538 U.S. 1047 (2003)). Accordingly, "[p]risoners have no *per se* constitutional right to use a telephone," *United States v. Footman*, 215 F.3d 145, 155 (1st Cir. 2000), and "regulations limiting telephone use by inmates have been routinely sustained as reasonable," *Almahdi*, 310 Fed. App'x at 522. *See also Perez v. Federal Bureau of Prisons*, 229 Fed. App'x 55, 58, 2007 WL 1093322, at *2 (3rd Cir. 2007) ("Because changes in security classifications and limits on telephone usage are ordinary incidents of prison confinement, [the plaintiff's] allegations do not implicate a liberty interest protected by the Due Process Clause."). Because Sofsky has not alleged that he cannot communicate with the public through other means, Sofsky has failed to allege facts sufficient to establish the denial of a fundamental

constitutional right. It follows that any allegation that the defendant violated Sofsky's procedural due process rights by denying Sofsky access to TRULINCS without a hearing, *see* #1 ¶ 25, must also fail. *See Board of Regents v. Roth*, 408 U.S. 564, 569 (1972) ("The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property.").

Sofsky has also failed to state a cognizable Equal Protection claim. An inmate who is classified according to his personal criminal history in receiving child pornography is not a member of a suspect class. *See Lyons v. Wall*, No. 09-059, 2010 WL 554099, at *5 (D. R.I. Feb. 12, 2010) (collecting cases). Because the classification at issue involves neither a protected fundamental interest, *see supra*, nor a suspect classification, the Equal Protection Clause requires only that the policy of denying inmates in Sofsky's position access to TRULINCS be "rationally related to a legitimate [government] interest." *See City of New Orleans v. Dukes*, 427 U.S. 297, 303 (1976). In no sense can the restriction at issue here be viewed as irrational. TRULINCS permits inmates to instant message members of the community/public. It is not irrational to restrict inmates with a personal history of using computers for gaining access to child

pornography from contacting the public via computer. Although the complaint posits a number of reasons for questioning the policy–*e.g.*, TRULINCS does not permit Internet access; the public must consent to receiving messages from the inmate; the messages are screened–the rational basis test does not ask whether the policy is the least restrictive means for accomplishing its stated goal; it is enough, as here, for the Court to conclude that the restriction is rationally related to the stated goal of protecting the public.

For all the above reasons, it is ORDERED that Defendant's Motion to Dismiss (#13) be, and the same hereby is, ALLOWED. Final Judgment shall enter for the defendant.

/s/ Robert B. Collings
ROBERT B. COLLINGS
United States Magistrate Judge

September 27, 2010.